UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 24 CR 142 |
| v. | Judge Jeffrey I. Cummings |
| MICHAEL BENTLEY | |

**GOVERNMENT'S MOTION FOR DETENTION UPON CHANGE OF PLEA**

The United States of America, by its attorney MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, requests that pursuant to the Bail Reform Act, 18 U.S.C. § 3143, the Court revoke defendant Michael Bentley's bond after he enters a guilty plea.

## I.     INTRODUCTION

On March 14, 2024, the grand jury charged defendant in a nine-count indictment with drug trafficking crimes involving the possession and distribution of heroin, crack cocaine, and powder cocaine. Dkt. 1. The parties anticipate that, pursuant to a written plea agreement, defendant will plead guilty to Count 9, which charges defendant with possessing with the intent to distribute heroin, cocaine base, and cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

In preparation for future proceedings, the Court directed the parties to brief whether 18 U.S.C. § 3143 requires that the Court revoke defendant's bond upon his change of plea. Dkt. 24. By agreement, since the start of the case, defendant has remained on pretrial release, and by all accounts he has complied with those conditions. As described below, however, defendant's change of plea will require

revocation of his bond, as defendant would no longer have the presumption of innocence and would be subject to mandatory detention under the Bail Reform Act.

## II.    STATUTORY DETENTION PROVISIONS

### A.    Mandatory Detention Under 18 U.S.C. § 3143

The Bail Reform Act requires that a court "shall" detain a defendant found guilty of "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq*.)." 18 U.S.C. § 3143(a)(2) (incorporating 18 U.S.C. § 3142(f)(1)(C) by reference).  The drug offense charged in Count 9 carries a maximum sentence of twenty years of imprisonment.  21 U.S.C. § 841(c).  Therefore, upon the Court's acceptance of defendant's guilty plea, his detention is mandatory unless a statutory exception applies.

Under 18 U.S.C. § 3143(a)(2), an exception exists if the Court determines:  (1) a "substantial likelihood that a motion for acquittal or a new trial will be granted" or the government will not recommend a term of imprisonment, *and* (2) the Court finds by clear and convincing evidence that defendant is not a flight risk or danger to any person or the community.  After voluntarily entering a guilty plea, defendant would not meet the threshold requirement of a substantial likelihood of acquittal or a new trial.  Accordingly, § 3143(a)(2) would not grant defendant relief.

### B.    "Exceptional Reasons" for Release

Alternatively, defendant must clearly show that he is not a flight risk or danger (§ 3143(a)(1)) *and* "there are exceptional reasons why detention would not be appropriate." 18 U.S.C. § 3145(c). "Exceptional reasons" in this context means a

"unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992) (citation omitted). By their terms, "exceptional reasons" are rare. *See, e.g., United States v. Krantz*, 530 F. App'x 609, 610 (8th Cir. 2013) (unpublished) ("exceptional reasons" must be "clearly out of the ordinary, uncommon or rare").[1]

Based on the information available to the government, "exceptional reasons" are not present in this case.[2] While it is laudable that defendant complied with his pretrial release conditions, it is not simply expected, but required, that defendant comply with those court-ordered conditions. *See, e.g., United States v. Larue*, 478 F.3d 924, 925 (8th Cir. 2007); *see also United States v. Lea*, 360 F.3d 401, 403-04 (2d Cir. 2004) ("There is nothing 'exceptional' about going to school, being employed, or being a first-time offender, either separately or in combination."). Accordingly, by the terms of the Bail Reform Act, the Court should remand defendant to USMS custody upon his change of plea.

---

[1] Indeed, not every district court interprets the Bail Reform Act to permit application of the "exceptional reasons" language of § 3145(c) under these circumstances. *See United States v. Sosa*, 2023 WL 2139118 at *4 (N.D. Ill. Feb. 21, 2023) (Kness, J.) ("Put another way, a qualifying conviction brings Section 3143(a)(2) into play, but not Section 3145(c) absent review or appellate proceedings.").

[2] If defendant makes additional "exceptional reasons" arguments, the government will respond by the due date for its reply brief.

## CONCLUSION

For the foregoing reasons, the government requests that, upon a change of plea, the Court remand defendant to custody pursuant to 18 U.S.C. § 3143(a)(2).

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By:  /s/ *Erin Kelly*
ERIN KELLY
Assistant U.S. Attorney
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604
(312) 886-9083