IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

      v.

MICHAEL BENTLEY,

    Defendant

Judge Jeffery I. Cummings
24 CR 142

## DEFENDANT'S MOTION TO CONTINUE CONDITIONS OF RELEASE PENDING SENTENCING PURSUANT TO 18 U.S.C. § 3145(c)

Michael Bentley, by and through his attorney, Bedi & Singer, LLP, respectfully requests this Honorable Court allow him to remain on release pending sentencing pursuant to 18 U.S.C. § 3145(c). In support, Mr. Bentley states as follows:

### I.    PERSONAL AND PROCEDURAL HISTORY

On March 14, 2024, the government indicted Mr. Bentley with violating 21 U.S.C. § 841(a)(1). (Dkt 1). On March 27, 2024, Mr. Bentley self-surrendered. (Dkt. 8). That same day, Mr. Bentley had his initial appearance and entered a plea of not guilty to all counts (Dkt. 9). Mr. Bentley and the government also agreed to certain conditions of release (Dkts. 9, 10).

Mr. Bentey has remained on release since March 27, 2024. (*Id.*). On March 25, 2025, the government notified the Court that it provided a draft plea agreement to Mr. Bentley and it intended to file a motion to detain Mr. Bentley pending sentencing. (Dkt. 24).

On March 28, 2025, the government filed a formal motion for detention. (Dkt 25). In its motion, the government wrote that under 18 U.S.C. § 3143, "upon the Court's acceptance of defendant's guilty plea, his detention is mandatory unless a statutory exception applies." (Dkt.

1

25). The government noted that there are exceptions to detention, mainly that Mr. Bentley "must clearly show that he is not a flight risk or danger (§ 3143(a)(1)) and 'there are exceptional reasons why detention would not be appropriate.' 18 U.S.C. § 3145(c)." (*Id*.).

Mr. Bentley can make this showing and asks the Court to allow him to remain on release pending sentencing.

## II. ARGUMENT

Mr. Bentley requests the Court allow him to remain on conditional release until his sentencing because he is not a flight risk and there are exceptional reasons that make his detention inappropriate. As the government noted in its motion, this Court has the authority to allow Mr. Bentley to remain on release if he can meet the conditions set forth in 18 U.S.C. § 3145(c). (Dkt. 25). Section 3145(c) was added to the Bail Reform Act as a safety valve to mandatory detention. *See United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992); *United States v. Kaquatosh*, 252 F. Supp. 2d 775, 778 (E.D. Wis. 2003) (citing *Herrera-Soto*) ("Section 3145(c) was intended to provide 'an avenue of relief from the mandatory detention provisions' of the Bail Reform Act.").

Section 3145(c) states, in pertinent part:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c).

Section 3143(a)(1) provides that a defendant who has pleaded guilty and is awaiting sentencing may be detained "unless the judicial officer finds by clear and convincing evidence

2

that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 USC § 3143(a)(1).

As mentioned above, the government moved to detain Mr. Bentley pursuant to § 3143(b)(2). (Dkt. 25 at 2). Consequently, the question is whether Mr. Bentley can meet the conditions of release set forth in § 3143(a)(1) and whether there are exceptional reasons for his continued release. *See* 18 U.S.C. § 3145(c). Here, Mr. Bentley can show that: (A) he does not pose a danger to the community, (B) he is not likely to flee, and (C) there are exceptional reasons for why his detention would not be appropriate.

### A.  It is clear that Mr. Bentley does not pose a danger to the community while on conditional release

A review of Mr. Bentley's history shows that he is not a danger to the community for several reasons. First, Mr. Bentley has had no violations in his pretrial release conditions. The government acknowledges this in its motion, stating "by all accounts he has complied with those conditions." (Dkt. 25 at 1).

Second, in March 2024, the government agreed to Mr. Bentley's conditional release. (Dkt 9). The Bail Reform Act requires release unless the defendant poses a danger to the community that cannot be mitigated by conditions. *See United States v. Salerno*, 481 U.S. 739, 747 (1987). Surely, the government would oppose Mr. Bentley's conditional release if it believed that he posed a danger to the community, in contravention of the Bail Reform Act. In fact, the government has never moved to revoke Mr. Bentley's release, meaning the government has never felt it appropriate to detain him based on dangerousness. The record is clear that since 2024, Mr. Bentley has not posed a danger to the community.

3

**B.  It is clear that Mr. Bentley is not likely to flee while on conditional release**

When considering risk of flight, courts look at whether a defendant has a history of flight, different aliases, unstable ties to the community, or hidden assets. *See United States v. Giordano*, 370 F. Supp. 2d 1256, 1264 (S.D. Fla. 2005). None of those factors are present here.

First, Mr. Bentley has no history of flight. He self-surrendered on March 27, 2024, and he has complied with his pretrial conditions since then. Surely, if the government felt Mr Bentley was a flight risk, it would have never agreed to release him back in 2024, or it would have moved to revoke his release sooner.

Second, there is no concern that Mr. Bentley will flee after he accepts his plea. His long history of compliance speaks for itself. If Mr. Bentley intended to flee, he would not have waited around for a plea agreement. Because the evidence is clear that Mr. Bentley is not a danger to the community or a flight risk, he has met the conditions of release set forth in § 3143(a)(1).

Thus, his continued release is warranted under 18 U.S.C. § 3145(c) if there are exceptional reasons for his detention would be inappropriate.

**C.  There are exceptional reasons for why Mr. Bentley's detention would not be appropriate**

Section 3145(c) does not define "exceptional reasons." *See* 18 U.S.C. § 3145(c); *United States v. Mitchell*, 358 F. Supp. 2d 707, 708 (E.D. Wis. 2005). However, exceptional reasons have been defined as a "unique combination of circumstances giving rise to situations that are out of the ordinary." *See United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991); *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (explaining that, in the context of mandatory detention, "exceptional" means "out of the ordinary, uncommon, or rare."); *United States v. Kaquatosh*, 252 F. Supp. 2d 775, 778 (E.D. Wis. 2003) ("The statute requires only that the court

4

find that the defendant's situation is sufficiently unique to make detention pending sentencing inappropriate.").

Whether a defendant's circumstances arise to "exceptional" must be assessed on a case-by-case basis. *See DiSomma*, 951 F.2d at 497. "The test under § 3145(c) is necessarily a flexible one, and district courts have wide latitude to determine whether a particular set of circumstances qualifies as exceptional." *United States v. Lea*, 360 F.3d 401, 403–04 (2d Cir. 2004) (internal citations omitted). A court may find exceptional circumstances based on "legal" or "factual" reasons, or a combination of both. *Kaquatosh*, 252 F. Supp. 2d at 778. There are "many unusual circumstances that might justify release between plea and sentence." *Id*. at 779. And the statute does not "preclude releasing a defendant based on 'purely personal circumstances.'" *Id*. at 778.

Courts have released defendants under § 3145(c) where the defendant or his family would experience sufficient hardship if the defendant was incarcerated pending sentencing. For example, in *United States v. Johnson*, the district court continued the defendant's release so he could resolve his father's financial matters, finding this to be an "exceptional reason." 2018 WL 4922724, at *2 (M.D. Ala. Oct. 10, 2018). In *United States v. Davila*, the defendant's release was continued until sentencing for the well-being of the defendant's son. 2024 WL 1337869, at *3 (N.D. Tex. Mar. 28, 2024). In *United States v. Williams,* the district court found exceptional circumstances existed where the defendant's wife needed surgery and without the defendant's income, the family would suffer financial hardship. 903 F. Supp. 2d 292, 302 (M.D. Pa. 2012); s*ee also United States v. Norton,* 218 F.Supp.2d 1014, 1018 (E.D.Wis.2002) (collecting cases where downward departures from the sentencing guidelines based on extraordinary family circumstances).

The district court in *United States v. Kaquatosh* suggested that continued release may be appropriate "where the defendant was undergoing substance abuse or psychiatric treatment that would be unavailable if he were incarcerated." 252 F. Supp. 2d at 778. And in fact, the district court in that case released the defendant under § 3145(c) because he: (1) complied with his conditions of release, (2) obtained employment, (3) engaged in treatment, and (4) supported his family. 252 F. Supp. 2d at 779-80.

*Kaquatosh* and the other cases cited above show that there are many reasons why Mr. Bentley's detention before sentencing would be inappropriate. First, Mr. Bentley did extremely well on pretrial release for over one year. Mr. Bentley never received any complaints from pretrial services, the government, or the Court. His exceptional compliance is reason for continued release.

Second, like the defendant in *Kaquatosh*, Mr. Bentley has secured employment. Mr. Bentley is 36 years old and currently works as a truck driver for DMK Express, a position he had held for around a year.

Finally, Mr. Bentley supports his spouse of nine years and his eight-year-old son, who needs help getting to and from school. Mr. Bentley also takes care of his aging parents who are in their 70s, and his elderly grandma who is ninety-one years old. He helps them with grocery shopping every week, lawn care, and tasks around the house. Mr. Bentley's family will struggle without his help and support.

Mr. Bentley therefore requests that he remain on release pending his sentencing, under § 3145(c) because of (1) his compliance on pretrial release, (2) his successful employment, and (2) his role as a provider and caretaker for his family.

6

**III. CONCLUSION**

WHEREFORE, based on the foregoing reasons, and any that may appear to the Court after a hearing on the motion, Mr. Bentley respectfully requests that his motion be granted and he remain on conditional release until sentencing.

Respectfully submitted,

s/ Jonathan S. Bedi
Courtney L. Knippen
Jonathan S. Bedi
Dena M. Singer
Bedi & Singer, LLP
53 West Jackson Blvd
Chicago, IL 60604
Phone: (312) 525-2017
cknippen@bedisigner.com
jbedi@bedisinger.com
dsinger@bedisinger.com
**Attorneys for Defendant**

7

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that the foregoing document was filed via the Court's ECF system.

s/Jonathan S. Bedi
Attorney for Defendant
