UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 24 CR 142 |
| v. | |
| | Judge Jeffrey I. Cummings |
| MICHAEL BENTLEY | |

**GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION FOR DETENTION
UPON CHANGE OF PLEA**

The United States of America, by its attorney ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, replies in support of its motion for the revocation of defendant's bond upon a change of plea.

Upon the Court's acceptance of defendant's guilty plea, his detention is mandatory under the Bail Reform Act unless a statutory exception applies. The government agrees that defendant is not a flight risk or presently a danger to the community, which means that resolution of the issue turns on whether "exceptional reasons" exist to delay defendant's detention pursuant to 18 U.S.C. § 3145(c). Defendant describes: (1) his good conduct on pretrial release, including that he maintained gainful employment; and (2) that he provides support for family members, including his spouse, son, and older relatives.

As the government argued in its motion, compliance with court-ordered pretrial release conditions and maintaining employment are not "out of the ordinary, uncommon, or rare" occurrences. *United States v. Larue*, 478 F.3d 924, 925 (8th Cir. 2007); *see also United States v. Lea*, 360 F.3d 401, 403-04 (2d Cir. 2004) ("There is nothing 'exceptional' about going to school, being employed, or being a first-time

offender, either separately or in combination."). While the government commends defendant's good conduct, a defendant's compliance with his conditions is the expectation rather than an "exceptional" or "rare" circumstance under the Bail Reform Act.

Defendant further states that he contributes to his household (presumably financially and by taking his son to school), and he helps his parents and grandparents with shopping and household tasks. Although that help would be missed, a defendant's incarceration often imposes a toll on family members who must find alternative financial, emotional, or other means of support during a defendant's sentence. *See United States v. Vilaiphone*, 2009 WL 412958 at *2 (W.D.N.C. Feb. 18, 2009) ("while the Court is cognizant of the hardships that the Defendant's detention will create for his immediate family, such hardships are common to nearly every case involving a term of imprisonment and thus do not qualify as 'exceptional reasons' under § 3145(c)); *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008) ("the cases establish that mere personal reasons, including caring for a family or gainful employment are not 'exceptional.'"); *United States v. Lippold*, 175 F. Supp. 2d 537, 540 (S.D.N.Y. 2001) ("exceptional reasons" did not exist when, *inter alia*, defendant financially supported his family) (collecting cases). As a court described when applying § 3145(c):

> [A] trial judge never sentences just the defendant. Invariably, the imposition of a sentence profoundly affects an entire family and often an entire community. The loss by incarceration of a breadwinner, a spouse, a parent, a child, an employee, a friend and the rippling of this loss into other relatives and into the community are among the most regrettable consequences of crime ...

2

Yet, each person who commits a serious crime accepts the risk of conviction and incarceration and the trouble he will visit upon himself, and his family, friends, and community, and if family concerns trumped mandatory detention, exceptions would become the rule.

*United States v. Cameron*, 756 F. Supp. 2d 148, 154 (D. Me. 2010).

At the inception of the case, without objection from the government, the Court granted defendant pretrial release based on its confidence that defendant would comply with his release conditions. Defendant did comply with those conditions, which enabled him to make the positive contributions that he described. However, following a guilty plea, defendant would not meet his burden of showing "exceptional reasons" for his continued release, and the Court should remand defendant to custody pursuant to 18 U.S.C. § 3143(a)(2).[1]

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: /s/ *Erin Kelly*
ERIN KELLY
Assistant U.S. Attorney
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604
(312) 886-9083

---

[1] A hearing is scheduled for May 28, 2025. The undersigned counsel previewed with the Court that she will be out of town that week and will arrange alternate coverage for the hearing. If substantive argument on the motion is anticipated, the government respectively requests a continuance of the hearing date.

3